UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JENALYN MATUTE CABANAG,<br><br>Plaintiff,<br><br>vs.<br><br>EARL ROBERT TRIPP, ROMAN BRIGGS, DAVID FINK, JOHN STEELE, DEBORAH THIRY, PATRICK SMITH, STEPHANIE MOEN, CHRIS MCCLURE, THERESA MAULE, KIM ALLISON, CHERYLE GERING, DAN NELSON, BRAD OETKEN, CHRIS NIPE, RACHEL MAIROSE, JUDITH NICKELS, MICHELE WHALEN-RIDINGS, JOHN EHLERS, and JASON RAVNSBORG,<br><br>Defendants. | 4:20-CV-04110-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND 1915 SCREENING FOR DISMISALL |

Plaintiff, Jenalyn Matute Cabanag, filed a pro se lawsuit. Docket 1. Cabanag moves for leave to proceed without prepayment of fees and to file electronically. Dockets 3, 4. She also filed an amended complaint. Docket 7.

I.  **Motion for Leave to Proceed without Prepayment of Fees**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently

impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After a review of Cabanag's financial affidavit, the court finds that she has insufficient funds to pay the filing fee. Thus, Cabanag's motion for leave to proceed without prepayment of fees (Docket 3) is granted.

## II.     28 U.S.C. 1915 Screening

### A.     Factual Background

Cabanag's amended complaint[1] alleges violations of: (1)18 U.S.C. § 249; (2) SDCL § 22-3-8; (3) 18 U.S.C. § 241; (4) SDCL § 22-11-7; (5) 18 U.S.C. § 242; (6) South Dakota Bill of Rights Article VI § 8; (7) Article III of the United States Constitution; (8) the Thirteenth Amendment of the United States Constitution; (9) Racketeer Influenced and Corrupt Organizations Act (RICO); and (10) SDCL § 2-14-4. Docket 7 at 1. Additionally, Cabanag alleges that defendants have shown "[b]ias in favor of Earl Robert Tripp." *Id.* Cabanag alleges that federal jurisdiction is based on federal question jurisdiction. *Id.* Cabanag also checked

---

[1] The listed plaintiffs on the amended complaint are "Jenalyn-Matutute: Cabanag, Rainan: Cabanag, Randolph-Osambenge: Ndipnchot, Dana-Andrew: O'Bar, and two redacted names. Docket 7 at 1. "Jenalyn-Matute: Cabanag" was the only person to sign or "autograph" the amended complaint. *Id.* at 9. Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." It appears Cabanag is attempting to add individuals as co-plaintiffs. "Pro se litigants may not represent the interests of other parties." *Litschewski v. Dooley*, 2012 WL 3023249 at n.1 (D.S.D. July 24, 2012); *see e.g., Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Cabanag is the only plaintiff in this action.

the box for diversity jurisdiction and alleges that she and Tripp both reside in White Lake, South Dakota. *Id.* at 10.

Cabanag is the biological mother of Rylee Cabanag. *Id.* at 3. Tripp is Rylee's father and Cabanag claims that Tripp is violating state laws and neglecting Rylee. *Id.* at 3-4.[2] She alleges that she was unlawfully arrested and incarcerated in Davison County jail. *Id.* at 3. She claims that Chris McClure, Chris Nipe, Theresa Mauale, Deborah Thiry, John Steele, Cherile Gering, among other things, aided and abetted Tripp's actions. *Id.* at 4-6. Cabanag asserts that Steele forced her to get a psychological test and that Rachel Mairose, a Prosecuting Attorney, and Stephanie Moen refused service of process. *Id.* at 5-6.

Cabanag claims that Roman Briggs and David Fink kidnapped her, unlawfully arrested her without a warrant, and failed to advise her of her Miranda Rights. *Id.* at 5. The only specific fact that Cabanag alleges about her arrest and incarceration is that she was in Davison County jail from August 8-12, 2018. *Id.* at 3. State records show that she had an initial appearance for a violation of SDCL § 22-18-1.1(5), domestic abuse aggravated assault with a deadly weapon on August 9, 2018, and that she paid a cash bond on August 12, 2018. The prosecutor later moved to dismiss this indictment. Doc. 7-1 at 19. Given that the dates match, Cabanag's unlawful arrest and incarceration claim are liberally construed to be regarding the domestic abuse indictment.

---

[2] After review of the amended complaint and attachments, it appears that Tripp was given full custody of the child. *See* Dockets 7, 7-1.

3

Cabanag alleges that Patrick Smith violated her "freedom of conscience not privy identity of person[.]" *Id.* at 5. Cabanag claims that she was extorted by Judith Nickels when she allegedly forced her to sign the Personal Recognizance Bond and Appearance Bond. *Id.* at 6. Cabanag alleges that Kim Allison told her that there was "[n]o [h]abeas [c]orpus in the [s]tate of South Dakota." *Id.* at 6. She tried to report Tripp's alleged child abuse to the Department of Child Services (DCS). *Id.* Cabanag claims that the DCS employees Brad Oetken and Michelle Whalen-Ridings hid evidence and failed to investigate her report. *Id.* She alleges that John Ehlers, the husband to her former landlord, evicted her from her apartment in violation of their agreement and without service of process. *Id.* at 6-7. Cabanag asserts that Jason Ravonsborg has refused to provide relief to her child from Tripp's abuse and that she asked for help after "being denied two habeas corpuses without a hearing from the entire year of 2019 to the present where all relief was denied." *Id.* at 7.

Cabanag seeks (1) monetary damages for being subjected to intentional infliction of emotion stress and an unlawful arrest/incarceration; (2) the "return of [her] man-child offspring;" (3) the waiver of Tripp's parental rights of and the restoration of full custody of her child; (4) the people to bear the consequences for the extreme outrage they have inflicted on her and to expunge the records that contain her private name; (5) one million dollars for O'Bar, her "counsel and 'private research investigator;' "and $250,000 for

4

Ndpinchot, her "witness, independent private journalist, media man, and private Lyft service." *Id.* at 8.

### B.  Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to

sustain recovery under some viable legal theory). When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. §1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

### C. Legal Analysis

#### 1. Subject-Matter Jurisdiction

Federal district courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 551 (2005). Federal district courts may not exercise jurisdiction absent a statutory basis. *Id.* Lack of subject-matter jurisdiction cannot be ignored by the court or waived by the parties. *Hunter v. Underwood,* 362 F.3d 468, 476 (8th Cir. 2004). A question of subject-matter jurisdiction may be raised by the court *sua sponte* at any time. *Lundeen v.Canadian Pacific Ry. Co.*, 447 F.3d 606, 611 (8th Cir. 2006).

##### a. Diversity Jurisdiction

Congress has conferred original jurisdiction to federal district courts over civil actions where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332. The amended complaint alleges jurisdiction based on diversity of citizenship. Docket 7 at 10.

Section 1331 requires complete diversity of citizenship, meaning that each defendant must be a citizen of a different state from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Cabanag notes that both she and Tripp are citizens of the state of South Dakota. *See* Docket 7 at 2, 10. Because Tripp and Cabanag are citizens of the same state, complete diversity is lacking and Cabanag cannot assert diversity jurisdiction as the basis of subject-matter jurisdiction.

### b. Federal Question Jurisdiction

Federal question jurisdiction is recognized in 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, the complaint alleges multiple violations of the Constitution and federal laws. The court will screen Cabanag's amended complaint under 28 U.S.C. § 1915 to determine whether she states a sufficient claim that would support federal question jurisdiction under 28 U.S.C. § 1331.

## 2. Constitutional Claims

### a. Thirteenth Amendment

Cabanag claims that defendants have violated the Thirteenth Amendment. Docket 7 at 1. The Thirteenth Amendment states that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. Cabanag does not allege sufficient facts to support that she has been subjected to

7

involuntary servitude or slavery. Her claims under the Thirteenth Amendment are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### b. Fourth Amendment

Cabanag claims that Roman Briggs and David Fink unlawfully arrested her and that she was unlawfully incarcerated in Davison County jail from August 9, 2018 until August 12, 2018. Docket 7 at 5. Liberally construing these facts, Cabanag is alleging that her Fourth Amendment right to be free from unlawful seizure has been violated and she asserts jurisdiction through 42 U.S.C. § 1983. Because Cabanag has not specified in what capacity she is suing any of the defendants, this court treats the claims against them as only in their official capacities. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Both Briggs and Fink are employed as Sheriffs for the Sheriff's Department for Aurora County. *See* Docket 7-1 at 45. Claims against Briggs and Fink in their official capacities are the equivalent of a lawsuit against Aurora County. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A county may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Cabanag does not allege that Aurora County had unconstitutional policies or customs. Thus, her claims against Briggs and Fink are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### c. RICO

Cabanag vaguely asserts that defendants have violated RICO. *See* Docket 7 at 1. RICO grants "any person injured in his business or property by reason of a violation of section 1962 of this chapter" a private right of action. 18 U.S.C. § 1964(c). Section 1962 makes it unlawful to use income and/or unlawful debts to participate or acquire an interest in an enterprise through patterns of racketeering that affect interstate commerce. *See* 18 U.S.C. § 1962(a-d). An enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated infact although not a legal entity." 18 U.S.C. § 1961(4). Here, Cabanag claims that defendants have violated RICO and alleges facts that she was forced to sign a Personal Recognizance Bond and Appearance Bond. Docket 7 at 1, 6. Even with liberal construction, Cabanag has not alleged sufficient facts to support a RICO claim in her amended complaint. Thus, her claims under RICO are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### d. United States Criminal Code

Cabanag alleges multiple violations of the United States Criminal Code. Docket 7 at 1. There is no private right of action under the criminal statutes of 18 U.S.C. §§ 241 and 242. *Mousseaux v. United States Comm'r of Indian Affairs*, 806 F.Supp. 1433, 1437 (D.S.D. 1992); *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (stating that "Courts repeatedly have held that there is no private right of action under [18 U.S.C.] § 241"). This court now extends the

9

rationale to 18 U.S.C. § 249. Cabanag's claims under the United States Criminal Code are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii)

### III. Conclusion

The court has assessed every avenue of jurisdiction for Cabanag's amended complaint. She has raised insufficient facts to establish that this court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. Because this court does not have subject-matter jurisdiction over Cabanag's amended complaint, this court does not have supplemental jurisdiction over Cabanag's alleged state-law claims under 28 U.S.C. 1367.

Thus, it is ORDERED:

1. That Cabanag's motion for leave to proceed without prepayment of fees (Docket 3) is granted.

2. That this court does not have subject-matter jurisdiction over the amended complaint and Cabanag's claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

3. That Cabanag's motion to electronically file documents (Docket 4) is denied.

4. That Cabanag's motion to expedite proceedings (Docket 8) is denied as moot.

Dated September 14, 2020

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE